This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**No. A-1-CA-38563**

**STATE OF NEW MEXICO,**

      Plaintiff-Appellee,

v.

**DAVID BORIS,**

      Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Douglas R. Driggers, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Gregory B. Dawkins, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**VARGAS, Judge.**

**{1}** Defendant appeals from the district court's judgment and sentence, entered after a jury trial in which Defendant was found guilty of four counts of criminal sexual contact of a minor (CSCM) under thirteen. Unpersuaded by Defendant's docketing statement, we issued a notice of proposed summary disposition, proposing to affirm. Defendant has responded with a memorandum in opposition to our notice. We remain unpersuaded and affirm.

**{2}** On appeal, Defendant challenges the sufficiency of the evidence to support his CSCM convictions, arguing in his memorandum in opposition to our notice that "there were no distinguishing facts in one alleged victim's testimony between one event and the other." [MIO 1] We understand Defendant's argument to be that because F.C.'s testimony about the two allegations of CSCM did not differ in any respect, the district court should have granted Defendant's motion for a directed verdict as to at least one count, under *State v. Huerta-Castro*, 2017-NMCA-026, ¶¶ 25-30, 390 P.3d 185. [MIO 3-4] Defendant does not demonstrate that the testimony and jury instructions in the current case were sufficiently similar to those presented in *Huerta-Castro* to warrant reversal.

**{3}** As stated in our notice, both victims testified that within the alleged time frame Defendant touched or rubbed their vaginal area over their clothes when they were spending the night at Defendant's and their grandmother's house. [DS unnumbered 3-4] The testimony of K.C. indicated that Defendant had done this to her twice at night after everyone else in the house had gone to bed; and the testimony of F.C. also indicated that Defendant had done this to her on two occasions at night after she had gone to bed. [DS unnumbered 3-4] Neither Defendant's docketing statement nor his memorandum in opposition describes any other evidence presented, even though the State's witness list indicates that the State might have called at least four other people to testify. [RP 36] Regardless, the testimony of a single witness may constitute sufficient evidence to uphold a conviction. *See, e.g.*, *State v. Roybal*, 1992-NMCA-114, ¶ 9, 115 N.M. 27, 846 P.2d 333. We see no reason why K.C.'s and F.C.'s testimony would be insufficient to establish that Defendant touched each child's sexual organs on two occasions, for a total of four occasions within the charged time frame. [RP 59-63] Accordingly, we reject Defendant's challenge to the sufficiency of the evidence to support his convictions.

**{4}** For the reasons stated in the notice and in this opinion, we affirm the district court's judgment and sentence.

**{5}** **IT IS SO ORDERED.**

**JULIE J. VARGAS, Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Judge**

**KRISTINA BOGARDUS, Judge**